## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

PARDALIS TECHNOLOGY
LICENSING, L.L.C.,

      Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

      Defendant.

§
§
§
§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. 2:22-cv-00452-JRG-RSP

███████████

**JURY TRIAL DEMANDED**

### PLAINTIFF PARDALIS TECHNOLOGY LICENSING, L.L.C.'S
### MOTION TO STRIKE PORTIONS OF THE EXPERT REPORTS
### AND TO EXCLUDE TESTIMONY OF DR. DON TURNBULL

███████████████████

Plaintiff Pardalis Technology Licensing, L.L.C. ("Pardalis") files this motion to strike portions of, and exclude testimony regarding, the Opening Expert Report of Don Turnbull, Ph.D. and the Rebuttal Expert Report of Don Turnbull, Ph.D.

## I.    INTRODUCTION

Pardalis respectfully moves the Court for an order to strike certain portions of, and exclude testimony regarding, Dr. Turnbull's opening and rebuttal expert reports.

In his opening report, Dr. Turnbull offers a number of boilerplate obviousness allegations that refer to an earlier section (Section IX) providing background on the state of the art. He only offers single-sentence assertions that elements of the asserted claims would have been obvious, without opining on how that element would have been obvious or offering any motivations to combine. Dr. Turnbull's conclusory, boilerplate arguments should be stricken. Further, Dr. Turnbull includes at least ten additional prior art references in his Section IX. These conclusory assertions result in hundreds of potential obviousness combinations not included in IBM's final election of prior art and in excess of the limits in the Court's Order Focusing Patent Claims and Prior Art to Reduce Costs. *See* Dkt. 53 at ¶3. Therefore, Dr. Turnbull's conclusory opinions should be stricken and any testimony regarding these opinions should be excluded.[1]

---

[1] Specifically, Pardalis respectfully requests that the Court strike the obviousness opinions in paragraphs 369, 435, 444, 453, 497, 571, 580, 589, 649-652, 663-666, 687-688, 701-702, 715, 722-723, 734, 736, 738, 740, 742, 744, 746, 748, 750, 752, 868, 896, 935, 964, 1003, 1018, 1020, 1022,1035, 1037, 1039, 1041, 1044, 1100, 1102, 1108, 1110, 1138, 1140, 1146, 1148, 1152, 1154, 1156, 1159, 1161, 1165, 1167, 1170, 1172, 1175, 1177, 1183, 1185, 1189, 1191, 1242, 1248, 1254, 1265, 1320, 1326, 1332, 1352, 1354, 1356, 1373, 1375, 1377-1378, 1381, 1383-1384, 1456, 1458, 1561, 1808, 1810, 1855, 1857, 1859, 1862, 1867, 1900, 1995, 1997, 2004, 2006, 2016, 2022, 2073, 2074, 2078, 2082, 2084, 2087, 2089, 2093, 2095, 2098, 2100, 2102-2103, 2196, 2249, 2264, 2292, 2294, 2296, 2303, 2304, 2317, 2320-2321, 2323, 2329, 2332, 2336, 2341, 2488, 2490, 2492-2497, 2501, 2544, 2546, 2571, 2575, 2581, 2585, 2590, 2592, 2606, and 2609 of Dr. Turnbull's opening report.

Moreover, Dr. Turnbull's opening report includes opinions on inequitable conduct. However, as detailed below and in Pardalis's separately-filed motion for judgment on the pleadings, IBM has not pleaded inequitable conduct in this case. Each of Dr. Turnbull's references to any alleged inequitable conduct should thus be stricken and any testimony related to the alleged inequitable conduct should be excluded.

Additionally, in his rebuttal report, Dr. Turnbull purports to opine on marking. However, his "analysis" is not an expert opinion. Dr. Turnbull simply regurgitates and repeats facts that are already in the record. Dr. Turnbull fails to apply any technical or scientific knowledge, skill, experience, training, or education and therefore fails to comply with Federal Rule of Evidence 702. Thus, each of Dr. Turnbull's references to marking should be stricken and any testimony regarding marking should be excluded.

## II.     LEGAL STANDARDS

Federal Rule of Evidence 702 provides that a witness who is "qualified by knowledge, skill, experience, training, or education," may provide opinion testimony if that testimony will assist the trier of fact and: (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. The witness must possess "knowledge, skill, experience, training, or education" in the relevant field in order to be qualified to express his expert opinion on the topic in issue. *Id.* "The proponent of expert testimony [] has the burden of showing that the testimony is reliable." *United States v. Hicks*, 389 F.3d 514, 525 (5th Cir. 2004).

As a threshold inquiry into admissibility, any expert testimony offered or introduced by a party must "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. In other words, the district court must determine whether the expert testimony is

3

relevant. *See Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) ("[T]he district judge must determine whether that reasoning or methodology can be properly applied to the facts in issue; that is, whether it is relevant."); *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998) ("[A] district court, while acting as a gatekeeper for expert evidence, must evaluate whether there is an adequate 'fit' between the data and the opinion proffered."). Accordingly, district courts must exclude evidence that is based on unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999). Notably, "[i]t is not sufficient simply to list the resources the expert relied upon and then state an ultimate opinion without some discussion of their thought process." *Elder v. Tanner*, 205 F.R.D. 190, 194 (E.D. Tex. 2001).

## III.    ARGUMENT

### A.    The Court Should Strike Dr. Turnbull's Conclusory Obviousness Assertions that Refer to Unelected Prior Art References.

In his Opening Expert Report, Dr. Turnbull provides his conclusory opinion that "[t]o the extent Pardalis successfully argues that Orion does not disclose any elements, those elements would have been obvious in light of the disclosure in Orion and the knowledge of a POSITA, as reflected by Section IX." Ex. 1 (Turnbull Opening Rpt.), ¶ 369. Dr. Turnbull includes this same, or a substantially similar, statement at least 52 times in his Opening Expert Report. Yet, nowhere in his report does Dr. Turnbull explain any such alternative obviousness theories. *See, e.g., id.*, ¶¶ 370-434 (Dr. Turnbull's analysis of the Kim reference and claim 12 of the '696 patent, alleging that Kim "discloses" each element of claim 12 and not offering any obviousness opinions). Such conclusory obviousness assertions are insufficient and should be stricken.

Further, Dr. Turnbull's efforts to offer these obviousness opinions runs afoul of the Court's order in this case regarding the final election of asserted prior art. *See* Dkt. No. 53. In that order, IBM was required to narrow its invalidity case to "no more than six asserted prior art references per patent . . . and no more than a total of 20 references," with "each obviousness combination count[ing] as a separate prior art reference." *Id.* IBM's final election did not include any of the obviousness theories Dr. Turnbull seeks to offer through the catch-all statements complained of in this motion. *Compare* Ex. 1, pp. 161-162 (IBM's final election) *with* Ex. 1, ¶ 369 (alleging obviousness based on Kim in view of references in Section IX of Dr. Turnbull's report, which does not appear in IBM's final election); *see also generally* Ex. 1, ¶¶ 344-367 (Section IX of Dr. Turnbull's opening report, discussing at least 10 additional references not in IBM's final election).

Dr. Turnbull's conclusory assertions are therefore improper as they do not comply with the Court's order and create countless obviousness combinations that must be considered by Pardalis's validity expert. *See Arthrex, Inc. v. Smith & Nephew*, No. 2:15-CV-01047-RSP, 2016 U.S. Dist. LEXIS 203781, at *9-10 (E.D. Tex. 2016) ("This issue arises in virtually every patent case. As the Court [h]as done in the past, the parties' dispute is resolved by drawing the following line: [Defendant] is precluded from relying on unelected prior art to prove invalidity, for example, by demonstrating that an unelected prior art reference discloses or suggests elements of the asserted claims. [Defendant] is also precluded from introducing unelected prior art as an exhibit, and [Defendant] will not display unelected prior art to the jury as a demonstrative."); *Pers. Audio, LLC v. Togi Entm't, Inc.*, No. 2:13-CV-13-JRG-RSP, 2014 U.S. Dist. LEXIS 194393, at *6 (E.D. Tex. 2014) ("However, to allow [the expert] to do so by citing specific references that were not elected under the terms of the Agreed Order essentially nullifies the terms of the Agreed Order. Further, [the expert's] citation of specific references that Defendants do not contend are valid bases for a

finding of invalidity runs the risk of substantial jury confusion."). Accordingly, the Court should strike Dr. Turnbull's conclusory obviousness assertions.

**B.     The Court Should Strike Dr. Turnbull's Opinions Concerning Inequitable Conduct.**

As detailed in Pardalis's separately-filed motion for judgment on the pleadings, IBM has not pleaded inequitable conduct at all, much less with the requisite particularity, in its answer and counterclaims. In light of that failure, the Court should strike Dr. Turnbull's opinions concerning inequitable conduct. *See* Ex. 1, ¶¶ 4091-4134. It is axiomatic that an expert cannot offer opinions on a defense that has not been pleaded in a case. *See, e.g.*, *Chiesi USA, Inc. v. Aurobindo Pharma USA, Inc.*, No. 19-18756 (ZNQ)(LHG), 2022 U.S. Dist. LEXIS 20102, at *9-11 (D.N.J. Jan. 9, 2022) (striking inequitable conduct theories, where such theories were not properly pleaded). Moreover, IBM failed to raise the theories in its interrogatory response until the last day of fact discovery, depriving Pardalis of any ability to obtain discovery to rebut this defense. In light of IBM's failure, and for the reasons discussed in Pardalis's motion for judgment on the pleadings, the Court should strike Dr. Turnbull's opinions.[2]

**C.     The Court Should Strike Dr. Turnbull's Opinions on Marking.**

In his rebuttal report, Dr. Turnbull offers supposed "opinions" on the issue of marking under 35 U.S.C. § 287. *See* Ex. 2 (Turnbull Rebuttal Rpt.), ¶¶ 1077-1081. However, even a cursory review of Dr. Turnbull's discussion shows that he does not apply any methodology and does not offer any opinions based on his "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue," as required by Federal Rule of Evidence 702. Instead, Dr. Turnbull merely recites facts related to this issue, such

---

[2] For the same reasons, the Court should strike the portion of IBM's interrogatory response related to its inequitable conduct theories. *See* Ex. 3 (highlighting the excerpts that should be stricken).

as IBM's letter identifying an allegedly unmarked product and Pardalis's discovery responses. *See generally* Ex. 2. Dr. Turnbull offers no analysis comparing that allegedly unmarked product to any asserted claim. Such "opinions" that are merely designed to regurgitate of facts with the imprimatur of an expert are inadmissible. *See, e.g.*, *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 1319553, at *3 (E.D. Tex. Apr. 10, 2017) (striking opinions that were "simply passing along information provided by others and laying out the defendant's theory"); *see also Ibanez v. Texas A&M Univ.-Kingsville*, No. 2:21-CV-00249, 2023 WL 6538413, at *2 (S.D. Tex. Aug. 29, 2023) (striking opinions for same reasons); *Valentin Behalf of Est. of Vallina v. Huerta*, No. 5:20-CV-94, 2022 WL 21770376, at *4 (S.D. Tex. Mar. 31, 2022) (same and finding that "[e]xperts are not allowed to simply summarize evidence such that they become a vehicle through which the party who has retained them can make their legal case"); *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2021 WL 5407316, at *2-3 (N.D. Cal. Nov. 18, 2021) (same).

## IV.    CONCLUSION

For at least the reasons discussed herein, the Court should strike (1) all portions of Dr. Turnbull's Opening Expert Report that refer to unelected prior art references, (2) all portions of Dr. Turnbull's Opening Expert Report that refer to inequitable conduct, and (3) all portions of Dr. Turnbull's Rebuttal Expert Report that refer to marking. Likewise, the Court should exclude any testimony from Dr. Turnbull regarding any such opinions offered in his expert reports. Each of the opinions offered by Dr. Turnbull discussed above fail to comply with at least Federal Rule of Evidence 702. As such, Pardalis's motion should be granted in its entirety, and Dr. Turnbull should be precluded from offering any evidence or opinions regarding unelected prior art references, inequitable conduct, or marking.

████████████████████████████████

Dated: May 28, 2024

Respectfully Submitted,

/s/ Justin B. Kimble
**Justin B. Kimble** (Lead Counsel)
Texas Bar No. 24036909
**Patrick J. Conroy**
Texas Bar No. 24012448
**Nathan L. Levenson**
Texas Bar No. 24097992
**NELSON BUMGARDNER CONROY PC**
2727 N. Harwood Street, Suite 250
Dallas, Texas 75201
Tel: (214) 446-4950
justin@nelbum.com
pat@nelbum.com
nathan@nelbum.com

**Janson H. Westmoreland**
Texas Bar No. 24131755
**NELSON BUMGARDNER CONROY PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Tel: (817) 377-9111
janson@nelbum.com

**C. Austin Ginnings**
New York Bar No. 4986691
**NELSON BUMGARDNER CONROY PC**
745 McClintock Drive, Suite 340
Burr Ridge, Illinois 60527
Tel: (708) 675-1583
austin@nelbum.com

*Attorneys for Plaintiff*
*Pardalis Technology Licensing, L.L.C.*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record on May 28, 2024.

/s/ Justin B. Kimble
Justin B. Kimble

**CERTIFICATE OF CONFERENCE**

I certify that Justin Kimble (lead counsel), Janson Westmoreland, and Austin Ginnings met and conferred with lead and local counsel for IBM on May 27, 2024 in connection with the issues raised in this motion. As a result, the parties failed to reach agreement on the issues presented herein and are at an impasse, leaving open issues for the court to resolve.

/s/ Justin B. Kimble
Justin B. Kimble

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5(a)(7)(B), I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ Justin B. Kimble
Justin B. Kimble