**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PARDALIS TECHNOLOGY LICENSING, L.L.C.<br><br>              Plaintiff,<br><br>        v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION<br><br>              Defendant. | Civil Action No. 2:22-cv-452-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

<u>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S MOTION FOR SUMMARY JUDGEMENT OF NO PRE-SUIT KNOWLEDGE, NO INDUCED INFRINGEMENT, LIMITATION OF DAMAGES, AND NO WILLFUL INFRINGEMENT**</u>

████████████████████████████████████

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION .................................................................................................1

II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................................1

III.  LEGAL STANDARDS .......................................................................................2

    A.   Pre-Suit Knowledge ................................................................................2

    B.   Marking and Damages ............................................................................2

    C.   Induced Infringement .............................................................................3

    D.   Willful Infringement ..............................................................................3

IV.   STATEMENT OF UNDISPUTED MATERIAL FACTS ...............................................3

    A.   Case Background ...................................................................................3

    B.   Pre-Suit Knowledge ...............................................................................4

        1.   "Communications"..........................................................................5

        2.   Marking......................................................................................6

        3.   Willful Blindness..........................................................................7

    C.   Induced Infringement .............................................................................8

    D.   Willful Infringement ..............................................................................8

V.    ARGUMENT ...................................................................................................8

    A.   Pardalis Cannot Show Pre-Suit Knowledge ................................................8

        1.   The Alleged Communication From Pardalis to Purported Outside Counsel for IBM Does Not Show Pre-Suit Knowledge .............................8

        2.   The Alleged Communication From Pardalis to IBM Employees Does Not Show Pre-Suit Knowledge..........................................................10

        3.   The Examiner's Citation of the '668 Patent Application in an IBM Patent Application Does Not Show Pre-Suit Knowledge........................11

        4.   Pardalis Has Not Shown Knowledge By Marking .....................................11

5.    Pardalis Does Not Allege Any Facts Showing Willful Blindness ............ 13

B.    Pardalis Has Not Shown IBM Induced Infringement ............................................... 13

1.    Pardalis Has Not Met Its Burden To Show Knowledge ........................... 13

2.    Pardalis Has Not Shown Intent to Induce Infringement ........................... 13

C.    Pardalis is Not Entitled To Pre-Suit Damages for the '696 or '869 Patents, Because Pardalis Failed to Provide Notice or Mark Before the Patents Expired .................................................................................................................. 14

D.    Pardalis Cannot Show Willful Infringement ........................................................... 15

VI.    CONCLUSION .................................................................................................................. 15

███████████████████████████████████

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................2

*Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017)...........................................................2, 3, 15

*Arctic Cat v. Bombardier Recreational Prod. Inc.*,
    950 F.3d 860 (Fed. Cir. 2020).............................................................2, 3, 15

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021)...............................................................3

*Cascades Computer Innovation, LLC v. Samsung Elecs. Co. Ltd.*,
    77 F. Supp. 3d 756 (N.D. Ill. 2015) ....................................................10

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ............11

*Finjan, Inc. v. Cisco Sys. Inc.*,
    No. 17-CV-00072-BLF, 2017 WL 2462423 (N.D. Cal. June 7, 2017) ................11

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011).............................................................................2, 3, 13

*Hoya Corp. v. Alcon, Inc.*,
    No. 3:30-cv-3629-M, 2024 WL 310706 (N.D. Tex., Jan. 11, 2024) .........10, 11, 15

*Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*,
    No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 (E.D. Tex. Apr. 12, 2019).......11

*Radware, Ltd. v. A10 Networks, Inc.*,
    No. C-13-02021-RMW, 2013 WL 5373305 (N.D. Cal. Sept. 24, 2013)..............13

*Spherix Inc. v. Juniper Networks, Inc.*,
    No. 14-578-SLR, 2015 WL 1517508 (D. Del. Mar. 31, 2015) .............11

*Takeda Pharms. U.S.A., Inc. v. W.-Ward Pharm. Corp.*,
    785 F.3d 625 (Fed. Cir. 2015)...............................................................3

*Verint Systems Inc. v. Red Box Recorders, Ltd.*,
    No. 14-cv-5403 (KBF), 2016 WL 7177844 (S.D.N.Y. Dec. 7, 2016)....................11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
 581 F.3d 1317 (Fed. Cir. 2009)......................................................................................3

*Windy City Innovations, LLC v. Microsoft Corp.*,
 193 F. Supp. 3d 1109 (N.D. Cal. 2016) .......................................................................11

**Statutes**

35 U.S.C. § 271(b) ................................................................................................................3

35 U.S.C. § 287...............................................................................................................2, 5

35 U.S.C. § 287(a) .......................................................................................................2, 12

████████████████████

## TABLE OF EXHIBITS

| Exhibit | Reference |
|---------|-----------|
| A | U.S. Patent No. 6,671,696 (PARDALIS_0000575) (excerpted) |
| B | U.S. Patent No. 7,136,869 (PARDALIS_0000734) (excerpted) |
| C | U.S. Patent No. 7,949,668 (PARDALIS_0000929) (excerpted) |
| D | U.S. Patent No. 8,307,000 (PARDALIS_0001309) (excerpted) |
| E | U.S. Patent No. 10,409,902 (PARDALIS_0000190) (excerpted) |
| F | U.S. Patent No. 11,126,790 (PARDALIS_0000449) (excerpted) |
| G | 2024-04-05 Pardalis Obj. and Responses to IBM's First Set of RFAs. (excerpted) |
| H | 2024-03-18 Pardalis Final Election of Asserted Claims. |
| I | 2023-05-15 IBM's First Set Of Interrogatories To Plaintiff (Nos. 1–8) (excerpted) |
| J | 2023-07-06 IBM's Second Set of Interrogatories to Plaintiff (Nos. 9-12) (excerpted) |
| K | 2024-02-16 Pardalis 1st Supp. Objections and Responses to IBM's 2nd Set of ROGs (excerpted) |
| L | 2024-04-26 Novak Expert Report (excerpted) |
| M | 2024-04-10 Steven Holcombe Dep. Tr. (excerpted) |
| N | 2024-04-11 Steven Holcombe Dep. Tr. (excerpted) |
| O | 2006-11-29 Martin Document (PARDALIS_0006360) |
| P | 2006-11-29 Selinger Document (PARDALIS_0006361) |
| Q | Stinebruner Document (PARDALIS_0005814) |
| R | 2008-03-05 Pardalis Memo (PARDALIS_0009610) |
| S | 2024-03-15 Buser Dep. Tr. (excerpted) |
| T | 2024-04-26 Dr. Turnbull Opening Expert Report (excerpted) |
| U | 2024-05-01 Chandler Revised Opening Expert Report (excerpted) |
| V | 2024-04-12 Pardalis Fifth Supplemental Objections and Responses to IBM's First Set of Interrogatories (excerpted) |
| W | July 6, 2023 Letter from J. Welsh to J. Kimble |
| X | Demonstration Video (PARDALIS_0005787) (Video) |
| Y | 2024-04-05 Cuomo Dep. Tr. (excerpted) |
| Z | Pardalis White Paper: New Info Marketplace for the Beef Industry (PARDALIS_0005762) |
| AA | Pardalis White Paper-Banking on Granular Information Ownership (PARDALIS_0005770) |
| AB | 2004-04-11 Welcome to Pardalis Software, Inc. (PARDALIS_0005782) |
| AC | December 30, 2003 Release - Pardalis Software, Inc_12.4.2004 Wayback (PARDALIS_0005788) |
| AD | December 30, 2003 Release - Pardalis, Inc_From Wayback (PARDALIS_0005790) |
| AE | EULA April 2006.txt (PARDALIS_0005792) |
| AF | Pardalis Software, Inc. Key Personnel_2003. (PARDALIS_0005799) |

| AG | Pardalis Software, Inc.'s CPA™ System Overview_12.4.2004 (PARDALIS_0005802) |
| AH | Pardalis Software, Inc.'s News_Events_2003 (PARDALIS_0005803) |
| AI | Pardalis Software, Inc.'s Technology Resources_12.4.2004(PARDALIS_0005809) |
| AJ | Welcome to Pardalis Software, Inc_12.4.2004 (PARDALIS_0005810) |
| AK | Welcome to Pardalis Software, Inc_2003 (PARDALIS_0005811) |
| AL | Welcome to Pardalis, Inc_10.16.2005 (PARDALIS_0005813) |
| AM | 2024-03-29 Pardalis 4th Supplemental Objections and Responses to IBMs 1st Set of ROGs. |
| AN | CPA and '696 Patent Claim Mapping from 2024-03-29 Pardalis 4th Supplemental Objections and Responses to IBMs 1st Set of ROGs. |
| AO | CPA and '869 Patent Claim Mapping from 2024-03-29 Pardalis 4th Supplemental Objections and Responses to IBMs 1st Set of ROGs. |
| AP | CPA and '668 Patent Claim Mapping from 2024-03-29 Pardalis 4th Supplemental Objections and Responses to IBMs 1st Set of ROGs. |
| AR | Author-Level Digital Rights Management and the Common Point Authoring System (PARDALIS_0005783) |

## I.    INTRODUCTION

The Court should grant summary judgment on the following issues: 1) no pre-suit knowledge; 2) no induced infringement; 3) no damages for the '696 or '869 Patent, due to lack of pre-suit notice and failure to mark before the patents expired; and 4) no willful infringement.

First, IBM did not have pre-suit knowledge of Pardalis' patents or infringement, because Pardalis did not provide notice to IBM before it filed suit. Pardalis alleges pre-suit knowledge of the Asserted Patents based on communications from Steven Holcombe, a single Examiner citation to one Pardalis patent application during prosecution of one IBM patent application, marking, and generic allegations of willful blindness. But Pardalis cannot show pre-suit knowledge of the Asserted Patents or alleged infringement, at least because (1) the communications it cites do not discuss any Asserted Patents or mention any Accused Products; (2) Pardalis failed to mark, and (3) Pardalis has not alleged any facts related to willful blindness.

Second, IBM did not induce infringement because it did not have knowledge. Pardalis also cannot meet its burden because Pardalis must have evidence that IBM intentionally encouraged infringement of the Asserted Patents. Pardalis has not provided any such evidence.

Third, because Pardalis did not give pre-suit notice or comply with the marking requirement, and because the Asserted Patents expired before Pardalis brought suit, the Court should also grant summary judgment of no damages for the '696 and '869 Patents.

And, based on IBM's lack of pre-suit knowledge, the Court should grant summary judgment of no willful infringement for all Asserted Patents.

## II.    STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.    Whether Pardalis has failed to show pre-suit knowledge of the Asserted Patents and infringement.

2.    Whether Pardalis has failed to show induced infringement.

3. Whether IBM is entitled to summary judgment of no damages for the '696 or '869 Patents due to lack of pre-suit notice and failure to mark before the patents expired.

4. Whether Pardalis has failed to show willful infringement.

## III. LEGAL STANDARDS

On summary judgment, a non-moving party cannot "rest upon mere allegations or denials" in the pleadings, but "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). There is "no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id*. at 249-250.

### A. Pre-Suit Knowledge

Pre-suit knowledge may be shown, depending on the circumstances, by actual notice, constructive notice by marking a patented article pursuant to 35 U.S.C. § 287(a), or by willful blindness. Actual notice is "an affirmative communication of a specific charge of infringement by a specific accused product or device." *Arctic Cat v. Bombardier Recreational Prod. Inc.,* 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*") (internal quotation omitted). To prove willful blindness, "(1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 769 (2011).

### B. Marking and Damages

Under 35 U.S.C. § 287, the patentee or its licensees "who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Arctic Cat I*"). Noncompliance with § 287 limits "the patentee [so it] cannot collect damages until it either begins providing notice or sues the alleged infringer—the ultimate form of notice—and then only for the

period after notification or suit has occurred." *Arctic Cat II.,* 950 F.3d 860 at 864.

If an alleged infringer "puts the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent," "the patentee bears the burden to prove the products identified do not practice the patented invention" or to show that it marked the product. *Arctic Cat I,* 876 F.3d 1350, 1368. Importantly, "the alleged infringer's burden is a burden of production, not one of persuasion or proof." *Id.*

### C.    Induced Infringement

Liability for induced infringement pursuant to 35 U.S.C. § 271(b) requires knowledge and intent to induce infringement. A defendant must have knowledge both "of the existence of the patent that is infringed," and "knowledge that the induced acts constitute patent infringement." *Global-Tech.,* 563 U.S. 754, 131. In addition to knowledge, induced infringement requires showing that the accused infringer took active steps to encourage infringement, by, for example, advertising an infringing use or instructing how to engage in an infringing use. *Takeda Pharms. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 630–31 (Fed. Cir. 2015); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328-29 (Fed. Cir. 2009).

### D.    Willful Infringement

"To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021). "Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement." *Id.* at 988.

## IV.    STATEMENT OF UNDISPUTED MATERIAL FACTS

### A.    Case Background

1.    Pardalis filed its Complaint on November 22, 2022. Dkt. 1. The Asserted Patents

were all expired by March 24, 2022, before Pardalis filed its Complaint. Ex. G (Pardalis Response

to IBM's First RFAs) Nos. 23-25.

2.       Pardalis asserts six related patents against IBM: U.S. Patent Nos. 6,671,696 (the

"'696 Patent"), 7,136,869 (the "'869 Patent"), 7,949,668 (the "'668 Patent"), 8,307,000 (the

"'000 Patent"), 10,409,902 (the "'902 Patent"), and 11,126,790 (the "'790 Patent"). *See* Ex. H

(Pardalis Final Claim Election) at 1.

3.       Pardalis asserts '696 Patent claims 12, 13, 20, and 23 (the "'696 Asserted Claims");

'869 Patent claims 9 and 14 (the "'869 Asserted Claims"); '668 Patent claims 7, 9, and 11 (the

"'668 Asserted Claims"); '000 Patent claims 1, 8, and 11 (the "'000 Asserted Claims");

'902 Patent claims 1 and 2 (the "'902 Asserted Claims"); and '790 Patent claims 3 and 4 (the "'790

Asserted Claims"). Ex. H (Pardalis Final Claim Election) at 1.

4.       Asserted Claims 12, 13, 20, of U.S. 6,671,696; Claims 9 and 14 of U.S. 7,136,869;

Claims 7, 9, and 11 of U.S. 7,949,668; Claim 1 of U.S. 8,307,000; Claims 1 and 2 of U.S.

10,409,902; and Claims 3 and 4 of U.S. 11,126,790 are method claims. Ex. A ('696 Patent); Ex.

B ('869 Patent); Ex. C ('668 Patent); Ex. D ('000 Patent); Ex. E ('902 Patent); Ex. F ('790 Patent);

*see* Ex. H (Pardalis Final Claim Election) at 1.

5.       During fact discovery, IBM asked Pardalis to provide the bases for its allegations.

In part, IBM requested that Pardalis describe in detail (1) its bases for alleging pre-suit knowledge

– including any "notice" to IBM; (2) all factual bases supporting Pardalis' allegations of indirect

infringement; (2) its efforts to mark any patent-embodying product; and (3) its damages theories.

Ex. I (IBM's First Set of Interrogatories) Rog. No. 6 at p. 9; Ex. J (IBM's Second Set of

Interrogatories) Rog. Nos. 9,11 at pp. 2, 3.

**B.     Pre-Suit Knowledge**

6.       Prior to this litigation, Pardalis did not provide any cease-and-desist letter, demand

letter, or any other notice to IBM of Pardalis' infringement allegations. *See* Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) Rog. No. 9 at pp.1-8, Rog. No. 11 at pp. 11-12.

7.      Pardalis alleges pre-suit knowledge "of the Asserted Patents" based on 1) communications from Pardalis to Scott Stinebruner (purported outside counsel for IBM) and two IBM employees (Dr. Dean Martin and Dr. Pat Selinger); 2) a single instance where a patent Examiner cited one Pardalis patent application during prosecution of one IBM patent; 3) "constructive knowledge … given Pardalis's compliance with 35 U.S.C. § 287" and 4) willful blindness. Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) Rog. No. 9 at pp. 3-4.

8.      Pardalis did not allege that the purported communications, citation, or marking show pre-suit knowledge of patent infringement.  Pardalis did not allege any specific facts relating to willful blindness. Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) Rog. No. 9 at pp.3-4.

9.      Pardalis later served expert reports, including on infringement, that did not contain any additional allegations regarding knowledge of the patents or knowledge of infringement, nor even mention "willful blindness" except in the legal standards section. *See generally* Ex. L (Novak Opening Rpt.); *see also id.* ¶¶ 1475-1480.

    1.      **"Communications"**

10.      Pardalis has not provided any evidence that Mr. Stinebruner or any IBM employees ever received any "communications" from Mr. Holcombe before Pardalis filed this lawsuit. Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) Rog. No. 9 at 3-4; Ex. M (Holcombe Dep.) at 308:16-309:2; 311:5-25; 313:14-24.

11.      The "communications" addressed to IBM employees Dr. Dean Martin and Dr. Pat Selinger do not list any Pardalis patents or applications. Ex. O (Martin Doc.); Ex. P (Selinger Doc); Ex. M (Holcombe Dep.) at 312:18-24; 313:25-314:5.

12.     None of the "communications" Pardalis points to mention any IBM products or blockchain, nor do they contain any infringement allegations. Ex. Q (Stinebruner Doc.); Ex. O (Martin Doc.); Ex. P (Selinger Doc.); Ex. M (Holcombe Dep.) at 312:18-24; 313:25-314:5.

13.     All the "communications" Pardalis points to were allegedly sent in 2006, years before the '668, '000, '902, or '790 Patents issued. Ex. C ('668 Patent), Cover; Ex. D ('000 Patent), Cover; Ex. E ('902 Patent), Cover; Ex. F ('790 Patent), Cover; Ex. K (Pardalis 1st Sup. Responses to IBM's 2nd Set of ROGs) Rog. No. 9 at pp. 3-4.

## 2.    Marking

14.     Pardalis made and sold the Common Point Authoring ("CPA") System. Ex. R (Pardalis Memo) at PARDALIS_0009610; Ex. M (Holcombe Dep.) at 108:8-110:5; Ex. N (Holcombe Dep.) at 431:9-433:6); Ex. S (Buser Dep.) at 28:8-30:15 (referencing OSU_000022); Ex. T (Turnbull Opening Rpt.) ¶¶ 2651-2652; Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) Rog. No. 10 at pp.9; Ex. U (Chandler Revised Opening Rpt.) ¶ 46.

15.     Pardalis implemented the CPA System on a server.  Ex. N (Holcombe Dep.)  at 344:2-24; Ex. S (Buser Dep.) at 28:8-30:15; Ex. T (Turnbull Opening Rpt.) ¶¶ 2653-2655.

16.     The CPA System embodies the '696 and '869 Patents. Ex. AM (Pardalis Fourth Sup. Resp. to IBM 1st Set of Rogs) Rog. 5 at pp. 25; Exs. AN, AO; (Claim mapping CPA); Ex. M (Holcombe Dep.) at111:13-25.

17.     IBM identified the CPA System as an unmarked patented article for the '696 and the '869 Patents. *See* Ex. W (Letter from J. Welsh).

18.     In response to IBM's Interrogatory No. 11 related to marking, Pardalis stated:

> "Pardalis did notify the public that its CPA System was patented by U.S. Patent No. 6,671,696, and would be patented by the patent that would issue from Appl. No. 10/684,045, beginning as early as 2003, including, but not limited to, through its website, http://pardalis.com/, white papers and other publications, the specification for the CPA System, and the user agreement provided with the CPA System." Ex.

██████████████████████████████████████████████

K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) at Rog. No. 11, p. 12.

19.     Pardalis did not contend that it marked with respect to the '869 Patent. Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) at Rog. No. 11, pp. 12.

20.     Pardalis did not cite any evidence that it marked the physical CPA System, the CPA System source code, the specification for the CPA System, or other user agreements provided with the CPA System with any patent number or with a website containing the patent numbers. Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) at Rog. No. 11, pg. 12; citing Exs. X, Z, AA-AL, AR.

21.     Pardalis cites PARDALIS_0005787 in its Interrogatory Responses concerning marking. That video shows a demonstration of the CPA System, but does not show the CPA System was marked. Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) at Rog. No. 11, pp. 11-12; Ex. X (Demonstration Video).

22.     In its Interrogatory Responses, Pardalis did not allege the CPA System embodies the '000, '902, or '790 Patents. *See* Ex. AM (Pardalis Fourth Sup. Resp. to IBM 1st Set of Rogs) Rog. 5 at pp. 23-25, Exs. (AN, AO, AP) (Claim mapping CPA); *see also* Ex. V (Pardalis Fifth Supp. Resp. to IBM 1st Set of Rogs) Rog. 5 at 25-26.

23.     A complete, physical CPA System was not made, sold, or offered for sale until November 2005. Ex. M (Holcombe Dep.) at 106:12-108:17.

24.     At least the '000, '902, and '790 Patents were not issued until after Pardalis stopped developing or selling a CPA System. Ex. N (Holcombe Dep.) at 413:6-14, 415:16-416:8; Ex. D ('000 Patent); Ex. E ('902 Patent); Ex. F ('790 Patent).

### 3.    Willful Blindness

25.     ████████████████████████████████████████

██████████████████████████████████████████████



**C.** **Induced Infringement**

26.

27.

**D.** **Willful Infringement**

28.     Pardalis stated that it "seeks up to treble damages for willful infringement" for the first time in its Response to IBM's damages Interrogatory No. 6.[1] However, Pardalis' fourteen-page response does not allege any facts related to willfulness, and its experts do not offer any willfulness opinions. Ex. V (Pardalis Fifth Sup. Resp. to IBM 1st Set of Rogs) Rog. No. 6 at 26-40; *see generally* 2024-04-26 Novak Opening Expert Report, 2024-05-01 Chandler Revised Opening Expert Report.

**V.** **ARGUMENT**

**A.** **Pardalis Cannot Show Pre-Suit Knowledge**

**1.** **The Alleged Communication From Pardalis to Purported Outside**

---

[1] Pardalis' Complaint does not mention willful infringement. *See generally* Dkt. 1.

███████████████████████████████████

**Counsel for IBM Does Not Show Pre-Suit Knowledge**

Pardalis alleges "IBM had knowledge of Pardalis and the Asserted Patents through communications between IBM's attorney, Scott Stinebruner, then of Wood, Herron, & Evans, LLP, and Steve Holcombe of Pardalis in 2006," citing Ex. Q. Ex. K (Pardalis 1st Supp. Responses to IBM's 2nd Set of ROGs) at pp. 3, 5. However, when questioned about the "communication," Mr. Holcombe could not confirm that the cited document was, in fact, sent to Mr. Stinebruner.[2] Ex. M (Holcombe Dep.) at 307:10-22, 308:16-21 (discussing Ex. Q). And there is no evidence Mr. Stinebruner received any correspondence from Mr. Holcombe – in fact, Mr. Holcombe acknowledged that he had no further contact with Mr. Stinebruner after he purportedly sent the "communication." SUMF ¶ 10. Even if Mr. Stinebruner received the "communication," there is no evidence that Mr. Stinebruner forwarded it to anyone at IBM. *Id.*

Regardless, ████████████████████████████████



███████████████████████████████████

███████████████████████████████████

████████████████████████ Nor does the document allege that IBM or any third parties infringed any Pardalis patents. SUMF ¶ 12.

Importantly, Courts have held that letters that merely list an asserted patent – without providing any explanation or allegation of infringement – are insufficient to establish knowledge. For example, in *Cascades Computer Innovation, LLC v. Samsung Elec. Co. Ltd.,* the Court found a letter to the Executive Vice President of Samsung's IP Center in which "Cascades notified Samsung of some of its patent licenses but did not discuss the [asserted patent] in detail," and

---

[2] Based on Mr. Holcombe's testimony, he cannot authenticate that this document was a "communication" or "correspondence." Ex. M (Holcombe Dep.) at 307: 10-22, 308:16-21 (discussing Ex. Q).

instead, "merely listed [it] in an appendix, without explanation" was "insufficient to create a triable issue as to Samsung's knowledge at that time." *Cascades Computer Innovation, LLC v. Samsung Elecs. Co. Ltd.*, 77 F. Supp. 3d 756, 766 (N.D. Ill. 2015); *see also Hoya Corp. v. Alcon, Inc.*, No. 3:30-cv-3629-M, 2024 WL 310706 at *15 (N.D. Tex., Jan. 11, 2024) ("the one e-mail [plaintiff] points to within the relevant time period does not reference the [patents] specifically nor discuss the [accused] products, and thus is insufficient to create a fact question of pre-suit knowledge.")

### 2. The Alleged Communication From Pardalis to IBM Employees Does Not Show Pre-Suit Knowledge

Pardalis incorrectly alleges that IBM "had knowledge of the Asserted Patents through communications from Steve Holcombe to Dr. Dean Martin, then VP IBM Almaden Research Center, and Dr. Pat Selinger, then VP Data Management Architecture & Technology, IBM Silicon Valley Lab, in November 2006," citing Ex. O (Martin Doc.) and Ex. P (Selinger Doc.). Like the alleged communication to Mr. Stinebruner, the purported "communications" to Dr. Martin and Dr. Selinger do not show knowledge of the Asserted Patents or infringement.

Pardalis has not provided any evidence that the letters were ever received by anyone at IBM. SUMF ¶ 10. And even if IBM did receive the letters, they do not mention any specific Pardalis patents or applications, IBM products, or "blockchain." SUMF ¶¶ 11, 12. Nor do they allege that IBM or any third parties infringed any Pardalis patents.[3] SUMF ¶ 12.  Instead, the letters generically reference "Pardalis' patented methods[.]" Ex. O (Martin Doc.); Ex. P (Selinger Doc.). A generic reference to Pardalis' "patented methods" does not establish knowledge of any specific patent, nor does it establish knowledge of infringement.

---

[3] Additionally, each of the "communications" were allegedly sent in 2006, years before the '668, '000, '902, or '790 Patents issued. SUMF ¶ 13. *See Hoya Corp.,* 2024 WL 310706 at *15 ("all but one of the emails relied on by [plaintiff] predate by several years the 2017 and 2018 issuance dates of [the patents] and thus are not probative of knowledge.")

### 3.     The Examiner's Citation of the '668 Patent Application in an IBM Patent Application Does Not Show Pre-Suit Knowledge

In addition to the "correspondence," Pardalis points to a citation of "U.S. Patent Application Publication No. US2007/0061360 A1 (the publication of the '668 Patent)" "by the Examiner during the prosecution" of an IBM patent application. SUMF ¶¶ 5.

Pardalis' reliance on the Examiner's citation is misplaced. Generally, citation of a patent application by an Examiner during prosecution of the defendant's patent application is insufficient to establish defendant's knowledge of the cited patent application or later patent. *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 WL 6968938 at *1 (D. Del. July 18, 2012); *Spherix Inc. v. Juniper Networks, Inc.*, No. 14-578-SLR, 2015 WL 1517508 at *3 (D. Del. Mar. 31, 2015).

Even if a single citation of the '668 Patent application by the Examiner in one of IBM's thousands of patent applications demonstrates knowledge of the '668 Patent (it does not), it certainly does not demonstrate IBM's knowledge of any other Asserted Patents. Neither general knowledge of a patent portfolio nor actual knowledge of a patent application or of related patents, without more, is sufficient to show knowledge of a particular asserted patent. *Hoya Corp.,* 2024 WL 310706 at *16; *Intellectual Ventures II LLC v. Sprint Spectrum, L.P.*, No. 2:17-cv-00662-JRG-RSP, 2019 WL 1987172 at *2 (E.D. Tex. Apr. 12, 2019); *Verint Systems Inc. v. Red Box Recorders, Ltd*., No. 14-cv-5403 (KBF), 2016 WL 7177844 at *2-3 (S.D.N.Y. Dec. 7, 2016) *see also Finjan, Inc. v. Cisco Sys. Inc*., No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017); *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1117 (N.D. Cal. 2016). Nor does the Examiner's citation establish knowledge of infringement, because the citation is unrelated to any IBM products or alleged infringement.

### 4.     Pardalis Has Not Shown Knowledge By Marking

███████████████████████████████████

Pardalis cannot demonstrate "constructive knowledge" by marking. During fact discovery, IBM also identified Pardalis's CPA System as an unmarked patented article with respect to at least the '696 and '869 patents. SUMF ¶ 17. The burden then shifted to Pardalis to present evidence that the CPA System was either marked or did not embody those patents.  Pardalis does not dispute that it made and sold the CPA System, or that the CPA System embodied at least the '696 and '869 Patents. SUMF ¶¶ 14, 16.

Instead, Pardalis contends that it complied with the marking statute as follows:

> "Pardalis did notify the public that its CPA System was patented by U.S. Patent No. 6,671,696, and would be patented by the patent that would issue from Appl. No. 10/684,045, beginning as early as 2003, including, but not limited to, through its website, http://pardalis.com/, white papers and other publications, the specification for the CPA System, and the user agreement provided with the CPA System." SUMF ¶ 18.

Pardalis' response does not show that Pardalis met its burden to mark.  First, Pardalis does not even contend that it marked with respect to the '869 patent. SUMF ¶ 19. Second, Pardalis has no evidence that it marked the physical CPA System (which was implemented on a server), the CPA System source code, the specification for the CPA System, or other user agreements provided with the CPA System by "fixing thereon" the word "patent" or "pat." "together with the number of the patent" or an "address of a posting on the Internet . . . that associates the patented article with the number of the patent" as required by Section 287(a).  SUMF ¶¶ 15, 18, 20, 21. Indeed, the only information Pardalis cites that shows the CPA System in operation – a video – is evidence that the system was **not** marked.  SUMF ¶ 21, Ex. X. Pardalis' citations to whitepapers, press releases about the '696 Patent issuance that pre-date the development and existence of the physical CPA System, and other undated documents do not satisfy its burden to affix the patented CPA System with the patent numbers. 35 U.S.C. § 287(a).

Further, even if Pardalis did meet its burden to show marking, marking cannot put IBM on

notice of patents the CPA System does not embody (based on Pardalis' Interrogatory Responses, the '000, '902, and '790 Patents), or patents that did not exist at the time the CPA System was marketed (the '000, '902, and '790 Patents). SUMF ¶¶ 22-24.  And, even if Pardalis did mark the CPA System with any Asserted Patents, marking is not an allegation of infringement, so marking the CPA System would not have made IBM aware of any alleged infringement by IBM or any third party.

### 5.    Pardalis Does Not Allege Any Facts Showing Willful Blindness

Pardalis has not alleged any facts suggesting IBM subjectively believed there was a high probability of infringement and took any deliberate actions to avoid learning of Pardalis' patents or of infringement as required to show willful blindness. *Global-Tech Appliances, Inc. v. SEB S.A.,* 563 U.S. 754, 766 (2011)*.* Nor can it. IBM respects the intellectual property of others and implements deliberate policies in accordance with such values. SUMF ¶ 25. Pardalis' generic recitations of "willful blindness" are unsupported and insufficient to sustain its indirect infringement allegations.

### B.    Pardalis Has Not Shown IBM Induced Infringement

### 1.    Pardalis Has Not Met Its Burden To Show Knowledge

Pardalis has not shown IBM had actual knowledge of the patents or infringement, constructive knowledge from marking (which, in any event, is insufficient to establish the knowledge required for induced infringement)[4] or that IBM was willfully blind. Therefore, Pardalis cannot meet its burden to prove induced infringement.

### 2.    Pardalis Has Not Shown Intent to Induce Infringement

Further, proving induced infringement requires more than showing knowledge – Pardalis

---

[4]*Radware, Ltd. v. A10 Networks, Inc.,* No. C-13-02021-RMW, 2013 WL 5373305 at *2 (N.D. Cal. Sept. 24, 2013).

███████████████████████████████████████

must also show IBM actively intended to induce infringement. Pardalis does not and cannot show specific intent and action by IBM to induce infringement, by, for example, advertising an infringing use or instructing others how to engage in an infringing use.

Mr. Novak's testimony on inducement is limited to five conclusory paragraphs that generally allege ██████████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████ Such conclusory opinions are insufficient as a matter of law to meet Pardalis' burden of proof, at least because they fail to connect any advertisements, instructions, or other materials produced by IBM to any specific method steps or limitations in the Asserted Claims, let alone show that IBM encouraged any third parties to use or perform *all* the claimed elements in any Asserted Claim.

For example, Claim 12 of the '696 Patent requires performing the method steps "maintaining in a read-only mode," "enabling an authorized authoring member to create data," "authenticating . . . a draft data element and a draft informational object," "converting" a "draft data element and a draft informational object" to a corresponding "immutable" data element or informational object," and "writing" to a "memory." Ex. A ('696 Patent). The conclusory opinions offered by Mr. Novak do not connect any IBM instructions, advertisements, or other activity to *any* of the recited limitations – let alone show that IBM encouraged any user to perform all the method steps as claimed. SUMF ¶ 27. Therefore, Pardalis cannot show induced infringement of any Asserted Claim.

### C.    Pardalis is Not Entitled To Pre-Suit Damages for the '696 or '869 Patents, Because Pardalis Failed to Provide Notice or Mark Before the Patents Expired

Pardalis failed to provide actual notice of any alleged infringement. And, despite conceding

14

that the CPA System embodied the '696 and '869 Patents, (SUMF ¶ 16), Pardalis has not met its burden to show that it marked the CPA System either physically or virtually.  *Supra* V.A.4. Pardalis' failure to provide notice or mark is fatal to its claims for pre-suit damages. *See Arctic Cat I*, 876 F.3d at 1365-66; *Arctic Cat II*, 950 F.3d at 864.

### D.    Pardalis Cannot Show Willful Infringement

Pardalis cannot make the threshold showing that IBM had pre-suit knowledge of the Asserted Patents or infringement. *Supra* V.A; V.B.1. Accordingly, Pardalis cannot show "deliberate or intentional infringement" as required to sustain its willfulness allegation. *Hoya Corp.,* 2024 WL 310706 at *16 ("there is no genuine issue of material fact that Alcon lacked pre-suit knowledge of the asserted patents, which is dispositive of the pre-suit willfulness inquiry.")

## VI.    CONCLUSION

For all the above reasons, the Court should grant IBM's motion for summary judgment.


Dated: May 28, 2024                         Respectfully Submitted,

/s/  Ryan Thorne
Karim Oussayef, Lead Attorney
(admitted *pro hac vice*)
Email: koussayef@desmaraisllp.com
Benjamin N. Luehrs
Texas Bar No.440317
Email: bluehrs@desmaraisllp.com
Amanda Potter (admitted *pro hac vice*)
Email: apotter@desmaraisllp.com
Joze Welsh (admitted *pro hac vice*)
Email: jwelsh@desmaraisllp.com
Ryan Thorne (admitted *pro hac vice*)
Email: rthorne@desmaraisllp.com
Allan Carlsen (admitted *pro hac vice*)
Email: acarlsen@desmaraisllp.com

**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169

Telephone: 212-351-3400
Fax: 212-351-3401

Andrea L. Fair
Texas Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Fax: 903-757-2323

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 28th day of May 2024.

/s/  Ryan Thorne
Ryan Thorne

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7)(B), I certify that the forgoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/  Ryan Thorne
Ryan Thorne