# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARDALIS TECHNOLOGY LICENSING, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION<br><br>Defendant. | Civil Action No. 2:22-cv-452-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT KNOWLEDGE, NO INDUCED INFRINGEMENT, LIMITATION OF DAMAGES, AND NO WILLFUL INFRINGEMENT**

**TABLE OF CONTENTS**

                                                                                                                                    **Page**

I.     PARDALIS CANNOT SHOW PRE-SUIT KNOWLEDGE ................................................1

II.    PARDALIS CANNOT SHOW INDUCED INFRINGEMENT..........................................3

III.   PARDALIS DID NOT COMPLY WITH THE MARKING STATUTE............................4

        A.     Pardalis Had A Duty To Mark The CPA System .......................................................4

        B.     Pardalis Failed To Comply With The Marking Statute ............................................4

IV.   PARDALIS CANNOT SHOW WILLFUL INFRINGEMENT.........................................5

V.    CONCLUSION...................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   No. 06-11109-RWZ, 2008 U.S. Dist. LEXIS 18636 ................................................................4

*Bench Walk Lighting LLC v. LG Innotek Co.*,
   530 F. Supp. 3d 468 (D. Del. 2021) ........................................................................................1

*CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*,
   No. 2:23-CV-00311-JRG, 2024 WL 1219725 (E.D. Tex. Mar. 20, 2024) ..............................5

*Denneroll Holdings Pty Ltd. v. Chirodesign Group, LLC*,
   No. 4:15-cv-740, 2016 U.S. Dist. LEXIS 21977 (S.D. Tex. Feb. 23, 2016) .......................4, 5

*Glob. Traffic Techs. LLC v. Morgan*,
   620 F. App'x 895 (Fed. Cir. 2015) .......................................................................................4, 5

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011) .................................................................................................................2

*MasterObjects, Inc. v. Amazon.com, Inc.*,
   No. 20-8103 WHA, 2021 WL 4685306 (N.D. Cal. Oct. 7, 2021) ...........................................1

*Mobile Equity Corp. v. Walmart Inc.*,
   No. 2:21-cv-00126-JRG-RSP, 2022 U.S. Dist. LEXIS 162338 (E.D. Tex.
   Sept. 8, 2022) ...........................................................................................................................2

*Ocean Semiconductor LLC v. Analog Devices, Inc.*,
   No. 20-CV-12310, 2023 WL 6619360 (D. Mass. Oct. 11, 2023) ............................................1

*Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*,
   No. CV 13-2072 (KAJ), 2017 WL 1045912 (D. Del. Feb. 22, 2017), *aff'd*, 721
   F. App'x 994 (Fed. Cir. 2018) .................................................................................................3

*Staton Techiya LLC v. Samsung Elecs. Co., Ltd.*,
   No. 2:21-cv-00413-JRG-RSP, 2023 U.S. Dist. LEXIS 217096 (E.D. Tex.
   Nov. 5, 2023) ...........................................................................................................................4

*Sentry Prot. Prod., Inc., v. Eagle Mfg. Co.*,
   400 F.3d 910 (Fed. Cir. 2005) ...............................................................................................4, 5

*Valjakka v. Netflix Inc.*,
   No. 22-1490-JST, 2022 WL 19975412 (N.D. Cal. Oct. 11, 2022) ...........................................1

**Statutes**

35 U.S.C. § 287 .................................................................................................................................5

**TABLE OF EXHIBITS**

| Exhibit | Reference |
|---|---|
| A | U.S. Patent No. 6,671,696 (PARDALIS_0000575) (excerpted) |
| B | U.S. Patent No. 7,136,869 (PARDALIS_0000734) (excerpted) |
| C | U.S. Patent No. 7,949,668 (PARDALIS_0000929) (excerpted) |
| D | U.S. Patent No. 8,307,000 (PARDALIS_0001309) (excerpted) |
| E | U.S. Patent No. 10,409,902 (PARDALIS_0000190) (excerpted) |
| F | U.S. Patent No. 11,126,790 (PARDALIS_0000449) (excerpted) |
| G | 2024-04-05 Pardalis Obj. and Responses to IBM's First Set of RFAs. (excerpted) |
| H | 2024-03-18 Pardalis Final Election of Asserted Claims. |
| I | 2023-05-15 IBM's First Set Of Interrogatories To Plaintiff (Nos. 1–8) (excerpted) |
| J | 2023-07-06 IBM's Second Set of Interrogatories to Plaintiff (Nos. 9-12) (excerpted) |
| K | 2024-02-16 Pardalis 1st Supp. Objections and Responses to IBM's 2nd Set of ROGs (excerpted) |
| L | 2024-04-26 Novak Expert Report (excerpted) |
| M | 2024-04-10 Steven Holcombe Dep. Tr. (excerpted) |
| N | 2024-04-11 Steven Holcombe Dep. Tr. (excerpted) |
| O | 2006-11-29 Martin Document (PARDALIS_0006360) |
| P | 2006-11-29 Selinger Document (PARDALIS_0006361) |
| Q | Stinebruner Document (PARDALIS_0005814) |
| R | 2008-03-05 Pardalis Memo (PARDALIS_0009610) |
| S | 2024-03-15 Buser Dep. Tr. (excerpted) |
| T | 2024-04-26 Dr. Turnbull Opening Expert Report (excerpted) |
| U | 2024-05-01 Chandler Revised Opening Expert Report (excerpted) |
| V | 2024-04-12 Pardalis Fifth Supplemental Objections and Responses to IBM's First Set of Interrogatories (excerpted) |
| W | July 6, 2023 Letter from J. Welsh to J. Kimble |
| X | Demonstration Video (PARDALIS_0005787) (Video) |
| Y | 2024-04-05 Cuomo Dep. Tr. (excerpted) |
| Z | Pardalis White Paper: New Info Marketplace for the Beef Industry (PARDALIS_0005762) |
| AA | Pardalis White Paper-Banking on Granular Information Ownership (PARDALIS_0005770) |
| AB | 2004-04-11 Welcome to Pardalis Software, Inc. (PARDALIS_0005782) |
| AC | December 30, 2003 Release - Pardalis Software, Inc_12.4.2004 Wayback (PARDALIS_0005788) |
| AD | December 30, 2003 Release - Pardalis, Inc_From Wayback (PARDALIS_0005790) |
| AE | EULA April 2006.txt (PARDALIS_0005792) |
| AF | Pardalis Software, Inc. Key Personnel_2003. (PARDALIS_0005799) |

| Exhibit | Reference |
|---|---|
| AG | Pardalis Software, Inc.'s CPA™ System Overview_12.4.2004 (PARDALIS_0005802) |
| AH | Pardalis Software, Inc.'s News_Events_2003 (PARDALIS_0005803) |
| AI | Pardalis Software, Inc.'s Technology Resources_12.4.2004(PARDALIS_0005809) |
| AJ | Welcome to Pardalis Software, Inc_12.4.2004 (PARDALIS_0005810) |
| AK | Welcome to Pardalis Software, Inc_2003 (PARDALIS_0005811) |
| AL | Welcome to Pardalis, Inc_10.16.2005 (PARDALIS_0005813) |
| AM | 2024-03-29 Pardalis 4th Supplemental Objections and Responses to IBMs 1st Set of ROGs. |
| AN | CPA and '696 Patent Claim Mapping from 2024-03-29 Pardalis 4th Supplemental Objections and Responses to IBMs 1st Set of ROGs. |
| AO | CPA and '869 Patent Claim Mapping from 2024-03-29 Pardalis 4th Supplemental Objections and Responses to IBMs 1st Set of ROGs. |
| AP | CPA and '668 Patent Claim Mapping from 2024-03-29 Pardalis 4th Supplemental Objections and Responses to IBMs 1st Set of ROGs. |
| AR | Author-Level Digital Rights Management and the Common Point Authoring System (PARDALIS_0005783) |
| AS | Excerpts from the April 5, 2024 Deposition of Gennaro Cuomo |
| AT | Excerpts from the April 10, 2024 Deposition of Steven Holcombe |
| AU | Excerpts from the April 2, 2024 Deposition of Daniel Yost |
| AV | Excerpts from the May 17, 2024 Rebuttal Expert Report of Don Turnbull, Ph.D. |

I.     **PARDALIS CANNOT SHOW PRE-SUIT KNOWLEDGE**

Summary judgment is appropriate for two independent reasons: Pardalis has no evidence that before it sued IBM it (1) identified the accused products, or (2) identified the asserted patents.

First, Pardalis never identified any accused product (or any other IBM product) to IBM. *See* Pardalis Exs. C, D; IBM Exs. O, P, Q. Indeed, the documents Pardalis cites as allegedly providing notice date back to as early as 2005 – more than a ***decade*** before IBM released the accused blockchain products. *See* Opp. at 5–7; Ex. AS at 22:16–23:7, 68:21–69:14, 72:21–73:2. And even though Pardalis knew about IBM's blockchain products in 2017, it never reached out to IBM about those products before it filed suit. *See* Ex. AT at 295:16–22, 301:11–24, 304:5–9. Because Pardalis never raised the accused products (or infringement) with IBM, IBM could not be aware of any alleged infringement. *See, e.g.*, *MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20-8103 WHA, 2021 WL 4685306, at *4–*6 (N.D. Cal. Oct. 7, 2021); *Valjakka v. Netflix Inc.*, No. 22-1490-JST, 2022 WL 19975412, at *2 (N.D. Cal. Oct. 11, 2022); *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 491–92 (D. Del. 2021); *Ocean Semiconductor LLC v. Analog Devices, Inc.*, No. 20-CV-12310, 2023 WL 6619360, at *3–*5 (D. Mass. Oct. 11, 2023).

Second, Pardalis did not identify the asserted patents to IBM. *See* Ex. Q. Pardalis cites one text file that mentions one patent and one application. *See* Opp. at 6 (citing Ex. Q). But there is no evidence that the document was ever sent to or received by IBM. Mot. at 9; *see also, e.g.*, Ex. AT at 305:9–25; Ex. M at 306:1–310:11. And even if Pardalis provided IBM a link to its website in 2005, there is no evidence that anyone at IBM visited the website. Indeed, despite being at IBM for 37 years, IBM Fellow and Vice President of Blockchain Technologies Gennaro Cuomo, who was designated to testify as a 30(b)(6) witness on IBM's knowledge of the asserted patents, had "never seen the name" of the inventors on the asserted patents before this suit. Ex. AS at 154:10–17, *see also id.* at 93:22–24. Because there is no evidence IBM was even aware of Pardalis' patents,

1

there is no evidence IBM was aware of alleged infringement. *See, e.g.*, *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126-JRG-RSP, 2022 U.S. Dist. LEXIS 162338, at *4 (E.D. Tex. Sept. 8, 2022) ("Implicit in the knowledge requirement is knowledge of the patents in suit.").

The "totality of the circumstances" does not show IBM knew about the remaining asserted patents either. *See* Opp. at 6–7. Pardalis fails to distinguish the authority IBM cited finding that neither general knowledge of a patent portfolio nor actual knowledge of a patent application or of related patents, without more, is sufficient to show knowledge of a particular asserted patent. *See id.*; Mot. at 11. Nor has Pardalis provided **any** factual reason IBM would have been aware of the other asserted patents.

Finally, Pardalis cannot show willful blindness. Pardalis admits it must show that IBM "subjectively believed there was a high probability that [the product] was patented" and "that [the accused infringer] took deliberate steps to avoid knowing that fact." Opp. at 9 (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770–71 (2011)). None of Mr. Cuomo's testimony – the only evidence Pardalis cites – shows such a "subjective belief" or "deliberate steps." Pardalis' attempted analogy to *Global-Tech* is off the mark, at least because there, the defendant purchased the patented product in a foreign market so the patented product lacked U.S. patent markings, the defendant copied the patented product, and the defendant retained an attorney to conduct a right-to-use study without telling the attorney it had copied. *See* 563 U.S. at 758.

Pardalis argues that it was not required to "make specific accusations of infringement 'in pre-suit materials' to establish a 'claim of pre-suit indirect infringement.'" Opp. at 7. But the case it relies on concerned a completely different factual scenario. In *Mobile Equity Corp.*, the defendant, Walmart, received a presentation that "described the technology of the Asserted Patent, disclosed the technology's status as patented" and "listed the prosecution counsel." 2022 U.S. Dist.

2

LEXIS 162338 at *6–8. Walmart received the presentation when it was "invested in" and "actively rolling out and deploying the accused service." *Id.* at *8. And there were "three phone conversations with Walmart engineers regarding MEC's patented mobile e-payment technology." *Id.* at *5. Further, there was no dispute that the presentation was, in fact, sent to and received by Walmart. Indeed, "at least one recipient of the e-mails replied and relayed to MEC that the presentation would be forwarded to Walmart's CEO of Global eCommerce and Technology and Walmart's Corporate Development team." *Id.* at *6. None of those facts apply here where there is no evidence any communications were sent or received, and even if they were, they do not mention the accused products.

Because IBM had no knowledge of the asserted patents or alleged infringement, the Court should grant summary judgment of no pre-suit knowledge.

## II.     PARDALIS CANNOT SHOW INDUCED INFRINGEMENT

IBM's lack of pre-suit knowledge is dispositive of induced infringement. But even setting that issue aside, there is no genuine dispute that IBM lacked the ***intent*** to induce infringement. To show inducement, Pardalis (and Mr. Novak) must "identif[y] a statement in any of the documents that ***recommends an infringing configuration***." *See Parallel Networks Licensing, LLC v. Int'l Bus. Machines Corp.*, No. CV 13-2072 (KAJ), 2017 WL 1045912, at *7 (D. Del. Feb. 22, 2017), *aff'd*, 721 F. App'x 994 (Fed. Cir. 2018) (emphasis added). Mr. Novak's conclusory opinions do not identify any statements that specifically recommend or encourage performing any of the claimed methods or an "infringing configuration," and therefore summary judgment of no induced infringement is proper. *See id.* "As the Federal Circuit explained, ***[t]he question is not just whether instructions describ[e] the infringing mode,*** but ***whether the instructions teach an infringing use*** of the device such that we are willing to infer from those instructions an ***affirmative intent to infringe*** the patent . . ." *Id.* (internal quotation marks and citations omitted, emphasis

3

added). There is no evidence of any such instructions here.

### III. PARDALIS DID NOT COMPLY WITH THE MARKING STATUTE

#### A. Pardalis Had A Duty To Mark The CPA System

Pardalis attempts to characterize its CPA system as a "server-based *service*" to argue there was no "tangible item" capable of being marked. *See* Opp. at 12–14. But the CPA system was a **system** that included a **physical server**. SUMF ¶ 15; Ex. AU at 74:21–75:13. Pardalis cannot argue that a physical server is not a "tangible item;" therefore, it should have been marked.

The cases Pardalis cites to suggest it was not required to mark the server are inapposite. **First,** *Limelight Networks, Inc. v. XO Commc'ns, LLC* dealt with whether "a website counts as an 'article' that a patentee must mark"—not a physical server. *See* 241 F. Supp. 3d 599, 608 (E.D. Va. 2017). **Second,** unlike the system in *Akamai Techs., Inc. v. Limelight Networks, Inc.*, which consisted of internal software and computers that were not accessible to customers or potential infringers, the CPA system—servers included—was used at potential customer or client sites. No. 06-11109-RWZ, 2008 U.S. Dist. LEXIS 18636, at *3 (D. Mass. Feb. 8, 2008); Ex. AV (Turnbull Rebuttal Rpt.) ¶ 1080. **Third,** unlike in *Staton Techiya LLC v. Samsung Elecs. Co., Ltd.*, in which the Court found there was no duty to mark "for the prototypes made for **developmental purposes** and demonstrated subject to NDAs," the CPA system was commercially deployed. No. 2:21-cv-00413-JRG-RSP, 2023 U.S. Dist. LEXIS 217096, at *20–*21 (E.D. Tex. Nov. 5, 2023) (emphasis added); SUMF ¶ 14; Ex. AV (Turnbull Rebuttal Rpt.) ¶ 1080. Accordingly, there is no genuine dispute that Pardalis had a duty to mark the CPA System.

#### B. Pardalis Failed To Comply With The Marking Statute

Posting a notice on a website that is unconnected with the patented article itself is not sufficient to satisfy the marking requirement, and Pardalis has not cited any authority to the contrary. Pardalis cites *Glob. Traffic Techs, Sentry,* and *Denneroll,* but each of those cases dealt

4

with marking patented products and/or packaging—they say nothing about posting information on websites. *See* Opp. at 14–16; *Glob. Traffic Techs. LLC v. Morgan*, 620 F. App'x 895, 904–06 (Fed. Cir. 2015); *Sentry Prot. Prod., Inc., v. Eagle Mfg. Co.*, 400 F.3d 910, 918 (Fed. Cir. 2005); *Denneroll Holdings Pty Ltd. v. Chirodesign Group, LLC*, No. 4:15-cv-740, 2016 U.S. Dist. LEXIS 21977, at *28-32 (S.D. Tex. Feb. 23, 2016). And *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.* confirms that "[t]he availability of damages in an infringement action is **made contingent upon** affixing a notice of patent **to the protected article**." 489 U.S. 141, 162 (1989) (citing 35 U.S.C. § 287). As Pardalis admits, unlike a patented product or packaging for that product, the Pardalis website "was neither intrinsic to the CPA system nor did Pardalis's customers download any software from it." Opp. at 15. Accordingly, there is no genuine dispute of material fact that Pardalis failed to comply with the marking statute.

## IV.    PARDALIS CANNOT SHOW WILLFUL INFRINGEMENT

The Court need only consider the pleadings to resolve any possible allegation of willful infringement by Pardalis in this case. Willful infringement is a claim that must be pled to be asserted. *See, e.g.*, *CyboEnergy, Inc. v. Hoymiles Power Elecs. USA, Inc.*, No. 2:23-CV-00311-JRG, 2024 WL 1219725, at *6–*7 (E.D. Tex. Mar. 20, 2024). Here, **Pardalis never pled willful infringement**. *See generally* Dkts. 1, 33.  Nor did Pardalis ever move to amend its pleadings to assert willfulness. In any event, IBM's lack of knowledge of the asserted patents (as described above) applies equally to (and should accordingly resolve) any claim of willful infringement.[1]

## V.    CONCLUSION

For all the above reasons, the Court should grant IBM's motion for summary judgment.

---

[1] Pardalis has asserted that a party's failure to plead a claim warrants the Court's disposal of that claim. *See generally* Dkt. 124.

5

██████████████████████████

| | |
|---|---|
| Dated: June 28, 2024 | Respectfully Submitted,<br><br>*/s/ Ryan Thorne*<br>Karim Oussayef, Lead Attorney<br>(admitted *pro hac vice*)<br>Email: koussayef@desmaraisllp.com<br>Benjamin N. Luehrs<br>Texas Bar No.440317<br>Email: bluehrs@desmaraisllp.com<br>Amanda Potter (admitted *pro hac vice*)<br>Email: apotter@desmaraisllp.com<br>Joze Welsh (admitted *pro hac vice*)<br>Email: jwelsh@desmaraisllp.com<br>Ryan Thorne (admitted *pro hac vice*)<br>Email: rthorne@desmaraisllp.com<br>Allan Carlsen (admitted *pro hac vice*)<br>Email: acarlsen@desmaraisllp.com<br>Patrick Reilly (admitted *pro hac vice*)<br>Email: preilly@desmaraisllp.com<br>**DESMARAIS LLP**<br>230 Park Avenue<br>New York, New York 10169<br>Telephone: 212-351-3400<br>Fax: 212-351-3401<br><br>Andrea L. Fair<br>Texas Bar No. 24078488<br>Email: andrea@wsfirm.com<br>Garrett Parish<br>Email: gparish@wsfirm.com<br>Texas Bar No. 24125824<br>**WARD, SMITH & HILL PLLC**<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>Telephone: 903-757-6400<br>Fax: 903-757-2323<br><br>***Counsel for Defendant International Business Machines Corporation*** |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 28th day of June 2024.

*/s/ Ryan Thorne*
Ryan Thorne

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7)(B), I certify that the forgoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Ryan Thorne*
Ryan Thorne

7