# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARDALIS TECHNOLOGY LICENSING, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | Civil Action No. 2:22-cv-00452-JRG-RSP <br><br> ▮▮▮▮▮▮▮▮▮▮ <br><br> Jury Trial Demanded |

**PLAINTIFF PARDALIS TECHNOLOGY LICENSING, L.L.C.'S SUR-REPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT KNOWLEDGE, NO INDUCED INFRINGEMENT, LIMITATION OF DAMAGES, AND NO WILLFUL INFRINGEMENT**

**TABLE OF CONTENTS**

I. Triable Issues of Material Fact Preclude Summary Judgment on Pre-Suit Knowledge ................................................................................................................. 1

II. The Court Should Deny IBM's Motion for Summary Judgment of No Induced Infringement ................................................................................................................ 3

III. Triable Issues of Material Fact Concerning Pardalis's Compliance with the Marking Statute Preclude Summary Judgment on Pre-Suit Damages ...................................... 3

    A. The Marking Statute Does Not Apply to Pardalis's Services ......................... 3

    B. Pardalis's Website Substantially Complies with the Marking Statute ............ 5

IV. Conclusion .................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*Atlas Global Techs. LLC v. TP-Link Techs. Co.*,
  No. 2:21-CV-00430-JRG-RSP, 2023 U.S. Dist. LEXIS 148320 (E.D. Tex. Aug. 4, 2023) ...... 2

*Gart v. Logitech, Inc.*,
  254 F.3d 1334 (Fed. Cir. 2001) ................................................................................................ 5

*Medtronic, Inc. v. Teleflex Innovations S.A.R.L.*,
  70 F.4th 1331 (Fed. Cir. 2023) ................................................................................................ 1

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
  138 F.3d 1437 (Fed. Cir. 1998) ............................................................................................... 5

*Staton Techiya LLC v. Samsung Elecs. Co., Ltd.*,
  No. 2:21-cv-00413-JRG-RSP, 2023 U.S. Dist. LEXIS 217096 (E.D. Tex. Nov. 5, 2023) ......... 4

*SynQor, Inc. v. Artesyn Techs.*, Inc.,
  No. 2:07-cv-497, 2011 U.S. Dist. LEXIS 91668 (E.D. Tex. Aug.17, 2011); *aff'd*, 709 F.3d
  1365 (Fed. Cir. 2013) .............................................................................................................. 1

**Rules, Statutes, and Other Authorities**

35 U.S.C. § 287 ............................................................................................................................ 3, 5

35 U.S.C. § 287(a) ........................................................................................................................... 5

I.      **Triable Issues of Material Fact Preclude Summary Judgment on Pre-Suit Knowledge**

As explained in Pardalis's Opposition, "knowledge of the patents may be proven by either direct <u>*or circumstantial evidence*</u>."[1] *SynQor, Inc. v. Artesyn Techs.*, Inc., No. 2:07-cv-497, 2011 U.S. Dist. LEXIS 91668, at *3 (E.D. Tex. Aug.17, 2011), *aff'd*, 709 F.3d 1365 (Fed. Cir. 2013); *see* Dkt. No. 166 ("Opp.") at 4-5. And the Federal Circuit has described circumstantial evidence as "just that—evidence. It establishes that a given fact is more likely to be true than one would otherwise believe in the absence of the evidence." *Medtronic, Inc. v. Teleflex Innovations S.A.R.L.*, 70 F.4th 1331, 1340 (Fed. Cir. 2023). Notably, circumstantial evidence is not "second-class to direct evidence." *Id.* But IBM's continued refusal to acknowledge the circumstantial evidence, along with its steadfast demand for direct evidence, is fatal to its arguments.

As an initial matter, IBM misstates the evidence before the Court as "one text file that mentions one patent and one application." Dkt. No. 184 ("Motion") at 1. However, Pardalis identifies much more evidence than that, including: (i) a venture capital request submitted to IBM detailing the CPA system and directing IBM to Pardalis's website; (ii) a letter sent to IBM's attorney identifying the '696 patent and the application that led to the '869 patent; (iii) letters sent to Dr. Dean Martin and Dr. Pat Selinger; (iv) a citation to the publication of the '668 patent during the prosecution. *See* Opp. at 5-6. Despite this, IBM complains that "there is no evidence that the [text file] was ever sent to or received by IBM. . . .[a]nd even if Pardalis provided IBM a link to its website in 2005, there is no evidence that anyone at IBM visited the website." Reply at 1. These arguments, at best, go to the weight of the evidence. There can be no debate that this evidence makes it more likely that IBM had knowledge of the Asserted Patents than without this evidence. Indeed, IBM does not even attempt to refute that fact. Moreover, IBM must demonstrate that there

---

[1] All emphasis added unless otherwise specified.

1

is no genuine issue of material fact. When this evidence is taken in the light most favorable to Pardalis, there is no question that a reasonable jury could return a verdict for Pardalis.

Moreover, IBM's attempt to distinguish *Mobile Equity Corp.* runs afoul of this Court's precedent. It is well established that there is no distinct requirement that it must make specific accusations of infringement in pre-suit materials. *See* Opp. at 7; *Atlas Global Techs. LLC v. TP-Link Techs. Co.*, No. 2:21-CV-00430-JRG-RSP, 2023 U.S. Dist. LEXIS 148320, at *11 (E.D. Tex. Aug. 4, 2023). As such, it is not dispositive that "Pardalis never identified any accused product" and "never reached out to IBM about [its blockchain] products before it filed suit." Reply at 1. Nor has IBM cited any authority requiring such a heightened standard.

Finally, IBM's argument regarding willful blindness fares no better. If the Court accepts IBM's arguments that it did not receive each correspondence sent to it, or that it never reviewed Pardalis's website, then there can be no doubt that IBM took deliberate steps to avoid knowledge of Pardalis's patents. This is only heightened by Mr. Cuomo's testimony. Despite his position at the time as Vice President of IBM Blockchain, he was ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Dkt. No. 166.7 (Ex. E) at 60:2-13. Moreover, Mr. Cuomo *did* testify that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See id.* at 56:21-57:11; 59:16-60:1. Thus, there is sufficient evidence for a jury to determine that IBM subjectively believed that there was a high probability that the induced acts constituted infringement and that it took deliberate actions to avoid learning of that fact.

**II.     A Genuine Material Fact Issue Exists as to IBM's Induced Infringement**

Pardalis marshalled more than adequate evidence of the requisite specific intent for IBM to be found liable for induced infringement. *See, e.g.,* Opp. at 10-12. Yet, IBM fails to substantively address any of this evidence, much less why it is unreasonable to infer its specific intent from this

2

evidence. This raises at least a genuine dispute of material fact as to IBM's intent. When all this evidence is credited with all reasonable inferences drawn in Pardalis's favor, a reasonable jury could find that IBM intended for its customers and others to infringe the Asserted Patents.

### III. Triable Issues of Material Fact Preclude Summary Judgment on Pre-Suit Damages

Pardalis had no duty to mark because it did not make, offer for sale or sell any "tangible item" or "patented article" capable of being marked. As set forth in its Opposition, Pardalis provided a server-based *service*, not a physical product. *See* Opp. at 12-14. Consequently, Pardalis's evidence of record demonstrates that it was not subject to the marking statute. *Id*. Yet, IBM's Reply sidesteps any discussion of this evidence presented in the Opposition. *See* Reply at 4. This omission is particularly glaring given that the marking statute, by its express provisions, applies only to a "patented article" that can be marked by "fixing thereon" or "fixing to it, or to the package where it is contained" a notice. 35 U.S.C. § 287. Similar to its Motion, IBM's Reply also fails to point to any evidence or law that would have required Pardalis to mark what could not be marked—a server-based *service*.

Nevertheless, IBM argues (without supporting authority) that Pardalis was purportedly required to mark the non-public, internal server that hosted the CPA system. *See* Reply at 4. IBM is wrong. IBM fails to refute that Pardalis did not make, offer for sale, or sell this non-public component through which its patented system operated. *See id.*; *see also* Opp. at 13-14.

IBM's attempts to refute the case law cited in the Opposition fail. *See* Reply at 4. First, IBM incorrectly argues that *Limelight Networks, Inc. v. XO Communs.* did not deal with a physical server. Yet, as in the present case, the plaintiff in *Limelight* provided a service using non-public, internal servers, rather than a physical product. Next, IBM incorrectly alleges that "unlike the system in *Akamai Techs., Inc. v. Limelight Networks, Inc.*, which consisted of internal software and computers that were not accessible to customers or potential infringers, the CPA system—servers

3

included—was used at potential customer or client sites." Reply at 4. First, the server that hosted the CPA system was a non-public, internal server. It was neither accessible to customers nor physically provided to any customer. *See* Dkt. No. 166.9 (Ex. G) at ¶¶ 3-4. Although the server was housed at Dickinson State University, it was provided in conjunction with *beta* software of Pardalis's "Thin Client" for research and developmental purposes under a confidentiality agreement and remained inaccessible to both customers and potential infringers. *See* Ex. H (PARDALIS_0009005) ("███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████."); Ex. I (Confidentiality Obligations) at PARDALIS_0013117-119;[2] Ex. J (Ringwall Dep. Tr.) at 34:4-7 ("Q. And just to clarify, did NDSU ever see or use a functional Pardalis product? A. Did we ever utilize or see a functional Pardalis product? No."), 90:12-17 (identifying the Thin Client as "beta software"). Against these facts (and contrary to IBM's argument), *Staton Techiya LLC v. Samsung Elecs. Co., Ltd*. also supports that marking this non-public, internal component would not serve the public notice function intended by Section 287. No. 2:21-cv-00413-JRG-RSP, 2023 U.S. Dist. LEXIS 217096 at *20 (E.D. Tex. Nov. 5, 2023).

At minimum, Pardalis disputes whether the facts IBM relies upon sufficiently demonstrate the applicability of the marking statute to Pardalis. This dispute establishes at least a question of material fact concerning the existence of a markable article, which precludes a finding in IBM's favor. For these reasons, IBM's Motion to preclude pre-suit damages should be denied.

---

[2] The agreement between Pardalis and DSU was also marked with the '696 and '869 patents. *See* Ex. I (Confidentiality Obligations) at PARDALIS_0013116 ("████████████████████████████████████████████████████ . . . .").

4

Even assuming the marking requirement applied, Pardalis has shown that the notice on its website substantially complied with Section 287. *See* Opp. at 14-16. Yet, the crux of IBM's arguments rests upon its proposed requirement to mark the internal server. *See* Reply at 4-5. This argument misses the mark and runs counter to the purposes of the marking statute. It is well established that the marking statute serves three related purposes: (i) helping to avoid innocent infringement, (ii) encouraging patentees to give notice to the public that the article is patented, and (iii) aiding the public to identify whether an article is patented. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1443 (Fed. Cir. 1998).

Marking an internal server contradicts each of these purposes. The internal server is not accessible to the public, thus providing no informative value to potential infringers or the general public. *See* Dkt. No. 166.9 (Ex. G) at ¶¶ 3-4. Consequently, no member of the public could be confused about the patented status of an internal server because it remains unseen and inaccessible. Moreover, marking an internal server does not help to prevent innocent infringement. Therefore, marking an internal server would not advance the policy considerations underlying Section 287.

In contrast, Pardalis's website marking indisputably provides more effective public notice than IBM's proposed requirement to mark the internal server. By consistently displaying the patent numbers and their association with the CPA system, Pardalis's website substantially complied with Section 287 by providing the public notice of its patented technology. Whether this meets the standard of compliance under the present circumstances remains a disputed issue of fact, and IBM has not met its burden for summary judgment. *See Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001) ("[C]ompliance with the marking statute, 35 U.S.C. § 287(a), is a question of fact.").

### IV.     Conclusion

For at least the foregoing reasons, IBM's Motion should be denied.

| | |
|---|---|
| Dated: July 5, 2024 | Respectfully Submitted,<br><br>*/s/ Justin B. Kimble*<br>**Justin B. Kimble** (Lead Counsel)<br>Texas Bar No. 24036909<br>**Patrick J. Conroy**<br>Texas Bar No. 24012448<br>**Nathan L. Levenson**<br>Texas Bar No. 24097992<br>**NELSON BUMGARDNER CONROY PC**<br>2727 N. Harwood Street, Suite 250<br>Dallas, Texas 75201<br>Tel: (214) 446-4950<br>justin@nelbum.com<br>pat@nelbum.com<br>nathan@nelbum.com<br><br>**Janson H. Westmoreland**<br>Texas Bar No. 24131755<br>**NELSON BUMGARDNER CONROY PC**<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>Tel: (817) 377-9111<br>janson@nelbum.com<br><br>**C. Austin Ginnings**<br>New York Bar No. 4986691<br>**NELSON BUMGARDNER CONROY PC**<br>745 McClintock Drive, Suite 340<br>Burr Ridge, Illinois 60527<br>Tel: (708) 675-1583<br>austin@nelbum.com<br><br>**William E. Davis, III**<br>Texas Bar No. 24047416<br>**Ty Wilson**<br>Texas Bar No. 24106583<br>**Rudolph "Rudy" Fink IV**<br>Texas Bar No. 24082997<br>**DAVIS FIRM PC**<br>213 N. Fredonia Street, Suite 230<br>Longview, Texas 75601<br>Tel: (903) 230-9090<br>Fax: (903) 230-9661<br>bdavis@davisfirm.com<br>twilson@davisfirm.com |

rfink@davisfirm.com

**Attorneys for Plaintiff**
***Pardalis Technology Licensing, L.L.C.***

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record on July 5, 2024.

*/s/ Justin B. Kimble*
Justin B. Kimble

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7)(B), I certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Justin B. Kimble*
Justin B. Kimble