# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| PARDALIS TECHNOLOGY LICENSING, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> *Defendant.* | § § § § § § § § § <br><br> Case No. 2:22-cv-00452-JRG-RSP |

## REPORT AND RECOMMENDATION

Before the Court is Defendant International Business Machines Corporation's Motion for Partial Summary Judgment of Invalidity of the '696, '869, and '668 Patents Based on Obviousness-Type Double Patenting. (**Dkt. No. 126**.)

IBM contends that the '696, '869, and '668 patents received patent term adjustments but a subsequently-filed continuation issued without a term adjustment and has now expired. IBM contends based on the showing of its expert, the earlier-filed patents are not patentably distinct from the later patent and thus invalid under obviousness-type double patenting.

Pardalis responds that the later-issued patent, as a matter of law, cannot act as a reference patent to invalidate the earlier-issued patents. Pardalis contends that the entire purpose of the obviousness-type double patenting doctrine is to prevent the extension of the original patent term through subsequent prosecution. Pardalis contends that since the '696 is the first-filed, first-issued patent, its term is the original patent term and thus was never extended through subsequent prosecution.

Pardalis concedes that the Federal Circuit in *In re: Cellect, LLC,* 81 F.4th 1216 (Fed. Cir. 2023), used a later-filed patent to invalidate earlier-filed patents under obviousness-type double

patenting. However, Pardalis argues that the concern it identifies was never raised in that case and the Federal Circuit never opined on the issue. Essentially, Pardalis contends the argument it now raises was waived by the patent owner in *Cellect*.

During the pendency of this motion, the Federal Circuit squarely addressed this issue answering the question "can a first-filed, first-issued, later-expiring claim be invalidated by a later-filed, later-issued, earlier-expiring reference claim having a common priority date? We hold that it cannot." *Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*, No. 2024-1061, 2024 WL 3763599, at *4 (Fed. Cir. Aug. 13, 2024)[1]. As this is the same question the Court is faced with here, the Court recommends finding the same and that IBM's motion should be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 3rd day of September, 2024.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[1] The Federal Circuit in *Allergan* also confirmed that in *Cellect* that "under the principle of party presentation, the court did not consider [the first-filed, first-issued, later-expiring claim] issue." *Id*. at 15 n6.