IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARDALIS TECHNOLOGY LICENSING, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> *Defendant*. | § § § § § § § § § <br><br> Case No. 2:22-cv-00452-JRG-RSP |

### MEMORANDUM ORDER

Before the Court is Pardalis's Motion to Strike and Exclude Testimony of Dr. Don Turnbull (Dkt. No. 125.) For the reasons provided below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.  APPLICABLE LAW

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and

other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.   ANALYSIS
### A.  SINGLE REFERENCE OBVIOUSNESS

Pardalis contends that Dr. Turnbull's single reference obviousness opinion is conclusory in its reference back to the knowledge of a POSITA. Dr. Turnbull opines that "[t]o the extent

Pardalis successfully argues that [a reference] does not disclose any elements, those elements would have been obvious in light of the disclosure in [the reference] and the knowledge of a POSITA, as reflected by Section IX." Pardalis additionally complains that IBM's final election of prior art did not include the combinations implicated by Dr. Turnbull's obviousness arguments. Pardalis requests the Court follow its precedent in *Arthrex, Inc. v. Smith & Nephew,* No. 2:15-cv-01047-RSP, 2016 U.S. Dist. LEXIS 203781, at *9-10 (E.D. Tex. 2016) and "preclude [IBM] from relying on unelected prior art to prove invalidity, for example, by demonstrating that an unelected prior art reference discloses or suggests elements of the asserted claims [and] preclude [IBM] from introducing unelected prior art as an exhibit, and … not display unelected prior art to the jury as a demonstrative."

IBM responds that it disclosed its obviousness allegations and Dr. Turnbull's report is not conclusory. IBM contends it has properly set forth a single-reference obviousness analysis of the asserted claims in light of the identified reference and the knowledge of a POSITA. IBM contends that Dr. Turnbull analyzes particular elements and opines that particular portions such as "storing data in read-only mode" were well known in the art and would have thus been obvious. IBM contends this does not implicate the background prior art. IBM also points to Dr. Turnbull's analysis for why such incorporations from a POSITA's knowledge would have been obvious, i.e. motivations to combine.

The Court is satisfied that Dr. Turnbull has provided more than conclusory opinions and has sufficiently disclosed his single-reference obviousness arguments to survive *Daubert*. Likewise, IBM sufficiently disclosed its single-reference obviousness argument in its election of prior art. While Dr. Turnbull's opinions as to a POSITA's knowledge is informed and supported by unelected prior art, the Court is satisfied that this may be addressed as in *Arthrex*. IBM and

3

Dr. Turnbull are precluded from relying on unelected prior art to prove invalidity including by directly demonstrating that an unelected prior art reference discloses or suggests elements of the asserted claims and are precluded from introducing unelected prior art as an exhibit or displaying unelected prior art to the jury as a demonstrative.

### B.  INEQUITABLE CONDUCT

Pardalis further argues that Dr. Turnbull's opinions regarding inequitable conduct should be stricken since inequitable conduct was not pleaded.

IBM contends that while inequitable conduct is out of the case, the complained of paragraphs do more than simply address inequitable conduct. Rather, IBM contends several of these paragraphs address the state of the art and are thus still relevant.

The Court strikes paragraphs 4091-94 of Dr. Turnbull's opening report. The parties agree these paragraphs relate to the unpleaded inequitable conduct defense. The Court agrees with IBM that the remaining paragraphs under the same heading are still relevant. As it is a question of relevance based on the inclusion of inequitable conduct in the case, the Court does not take Dr. Turnbull's headings and organization as dispositive on the issue.

### C.  MARKING

Last, Pardalis contends Dr. Turnbull offers no genuine expert opinions on marking and instead merely parrots evidence identified in IBM's marking letter.

IBM counters that this is not correct. IBM contends Dr. Turnbull explained his understanding of the marking requirements and then "extensively analyzed the record evidence related to marking." IBM contends Dr. Turnbull "clarifies inconsistencies and ambiguities in Pardalis' disclosures provided during fact discovery."

The Court is satisfied that Dr. Turnbull applies expertise in opining on marking. Dr. Turnbull first discusses IBM's initial burden of production under *Arctic Cat*. That is a matter for

the Court, not the jury, in determining the scope of trial. Dr. Turnbull may not opine at trial on this. Then Dr. Turnbull recites where Pardalis has asserted its product practiced the patents and lists out evidence in support of the products not being marked. The identification and interpretation of relevant evidence implicates expertise and expert opinion. Thus while there is no "extensive[] analy[sis]" as IBM contends there is sufficient analysis for Dr. Turnbull to testify on the issue at trial.

### III.    CONCLUSION

For the reasons provided above, the Court recommends that the motion should be **GRANTED IN PART** and **DENIED IN PART** as provided above.

**SIGNED this 3rd day of September, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE